Filed 2/4/15  P. v. Salinas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SELSO SALINAS,<br><br>  Defendant and Appellant. | F068004<br><br>(Super. Ct. No. VCF256410A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant Selso Salinas pled to two counts of attempted murder, admitted Penal Code section 186.22, subdivision (b)(1)(C)[1] enhancements as to both counts, and admitted a section 12022.55 enhancement as to one count in exchange for dismissal of other charges and enhancements and a maximum sentence of 21 years. Salinas filed a notice of appeal indicating his appeal related to the sentence or other matters not affecting the plea.

We review the matter pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTUAL AND PROCEDURAL SUMMARY

On August 16, 2011, a felony complaint was filed charging Salinas and a codefendant with willful, deliberate, and premeditated attempted murder in counts 1 and 2. Appended to both counts were section 186.22, subdivision (b)(5) and section 12022.53, subdivisions (c), (d) and (e)(1) enhancements. The section 186.22, subdivision (b)(5) enhancement would require that a minimum of 15 years in prison be served before a defendant is eligible for parole; the section 12022.53, subdivision (d) enhancement would require the imposition of a consecutive 25 year term of imprisonment.

In addition, Salinas was charged in counts 3 and 5 of the complaint with assault with a firearm, in violation of section 245, subdivision (a)(2). Enhancements pursuant to sections 186.22, subdivision (b)(4), 12022.5, and 12022.55 were alleged as to both counts.

On June 7, 2013, Salinas appeared in court with counsel and entered into a plea agreement with the People. Salinas agreed to plead to two counts of attempted murder, without the deliberate and premeditated special allegations, admit the section 186.22, subdivision (b)(1)(C) enhancements as to both counts, which would call for a 10-year term to be imposed for the enhancement, and admit a section 12022.55 enhancement as to

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

count 1, which would call for a five-, six-, or 10-year term, with any term imposed for the count 2 offense and enhancement to run concurrently with count 1. In exchange, the People agreed to dismissal of all other charges and enhancements. The parties agreed to a stipulated maximum term of imprisonment, or lid, of 21 years.

After informing Salinas of the consequences of a plea and his constitutional rights, and accepting a waiver of those rights, the trial court accepted the plea. The minute orders for the plea hearing and continued sentencing hearings, however, erroneously reflect that Salinas pled to a section 12022.55 enhancement as to *both* counts.

Salinas was sentenced on September 5, 2013. The trial court imposed the lower term of five years for the count 1 offense, plus 10 years for the section 186.22, subdivision (b)(1)(C) enhancement and the lower term of five years for the section 12022.55 enhancement, all to be served consecutively. The total term imposed was 20 years, below the stipulated lid. The trial court then pronounced an identical sentence for the count 2 offense, including stating both a section 186.22, subdivision (b)(1)(C) and a section 12022.55 enhancement were imposed, although Salinas did not plead to the section 12022.55 enhancement as to count 2. The term imposed for the count 2 offense and enhancements was to be served concurrently.

A notice of appeal was prepared on September 5, 2013, stating the appeal was from the sentence or other matters that did not affect the plea. The notice of appeal was filed September 10, 2013. The abstract of judgment was prepared and filed on September 10, 2013. It accurately reflects the plea agreement and notes that the section 12022.55 enhancement was appended only to count 1.

## DISCUSSION

Appellate counsel filed a *Wende* brief on January 1, 2014. The trial court mistakenly stated at sentencing that a section 12022.55 enhancement was imposed on count 2. This appears to have been an inadvertent misstatement by the trial court because

3.

the abstract of judgment accurately reflects the plea agreement entered into by Salinas and his plea as accepted by the trial court.

The certified abstract of judgment constitutes the commitment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; § 1213.)  Because the abstract of judgment accurately reflects the plea agreement, and the plea as accepted by the trial court, we deem the abstract of judgment to be an accurate reflection of the judgment the trial court intended to impose.

**DISPOSITION**

The judgment, as reflected in the abstract of judgment, is affirmed.